UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen Teichner,

Plaintiff,

v.

Cunningham Field & Research Services,

Defendant.

Civ. File No. 01-1228 (PAM/JGL)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Plaintiff's Motion to Remand. Plaintiff also seeks to dismiss Count VIII of his Complaint. Defendant contends that some of Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and that therefore the Court has subject matter jurisdiction, making remand inappropriate. In the alternative, Defendant contends that, absent ERISA preemption, the Court has diversity jurisdiction over the matter. Defendant also opposes Plaintiff's Motion to Dismiss. For the reasons that follow, Plaintiff's Motions are denied.

**BACKGROUND**

The parties' papers do little to elucidate the factual history of this case. From the Complaint, it appears that Plaintiff Stephen Teichner was employed by Defendant Cunningham Field & Research Services ("Cunningham"). Prior to his employment, he signed employment, non-compete, and confidentiality agreements. He contends that various

FILED NOV 30 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

people at Cunningham promised him, among other things, that: (1) he was entitled to three weeks of vacation per year; (2) he would be eligible to participate in Cunningham's 401(k) plan after one year of service; and (3) he was eligible to participate in Cunningham's medical and life insurance plan. The Complaint raises claims of breach of contract, promissory estoppel, fraud, reckless and negligent misrepresentation, fraudulent inducement, breach of fiduciary duty, and violations of the Minnesota Consumer Fraud Act, Regulation of Trade Practices Act, and Deceptive Trade Practices Act.

The Complaint was filed in Ramsey County court in June 2001. Cunningham removed the case to this Court in July 2001, pursuant to 28 U.S.C. §§ 1441(a) and (b). Plaintiff has moved to remand, contending that his Complaint does not raise questions of federal law and thus that removal was improper.

**DISCUSSION**

**A. Motion to Remand**

As invoked by Cunningham, 28 U.S.C. § 1441 allows for the removal of actions over which "the district courts of the United States have original jurisdiction," 28 U.S.C. § 1441(a), and actions "founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Id. § 1441(b). However, if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When reviewing a motion to remand, a court must resolve all doubts about federal jurisdiction in favor of remand. In re Bus. Men's Assurance Co. of Am., 992

F.2d 181, 183 (8th Cir. 1993). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. Id.

Plaintiff asserts that the Court should remand this case because the Court does not have subject matter jurisdiction over his claims. Cunningham responds that ERISA preempts Plaintiff's claims and, thereby, creates federal question jurisdiction. A federal court has federal question jurisdiction when an action arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. According to the "well-pleaded complaint" doctrine, an action arises under federal law only when the plaintiff raises issues of federal law in the well-pleaded complaint. Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). "Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and therefore, does not authorize removal to federal court." Id.

The "complete preemption" doctrine provides an exception to this well-pleaded complaint rule. See Hull v. Fallon, 188 F.3d 939, 942 (8th Cir. 1999), cert. denied, 528 U.S. 1189 (2000). "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Taylor, 481 U.S. at 63-64. Under the "complete preemption" doctrine, a plaintiff's state law claim is recharacterized as a claim arising under federal law to the extent that Congress has displaced the state law claim. Hull, 188 F.3d at 942 (quoting Rice v. Panchal, 65 F.3d 637, 640 n.2 (7th Cir. 1995)). If any of a plaintiff's state law claims arise in an area that has been

displaced by federal law, federal question jurisdiction exists and the defendant may remove the case to federal court. Id. Thus, if one or more of Plaintiff's claims arise in an area displaced by ERISA, the Court has federal jurisdiction over those claims and removal to federal court was proper.

The Court has jurisdiction over Plaintiff's claims if any of those claims fall within the scope of, or relate to, § 502(a) of ERISA, 29 U.S.C. § 1132(a). Hull, 188 F.3d at 942 (citing Taylor, 481 U.S. at 66)). "Causes of action within the scope of, or that relate to, the civil enforcement provisions of 502(a) are removable to federal court despite the fact the claims are couched in terms of state law." Id. (citing Taylor, 481 U.S. at 66; Kuhl v. Lincoln Nat'l Health Plan of Kansas City, Inc., 999 F.2d 298, 302 (8th Cir. 1993); Rice, 65 F.3d at 641). "Not only does this complete preemption confer federal jurisdiction, it also limits claims and remedies exclusively to those provided by section 502(a)." Id. (citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)).

The relevant portion of § 502(a) provides:

> A civil action may be brought-
>
> (1) by a participant or beneficiary-
>
> * * *
>
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a). There is no dispute that Plaintiff was, or allegedly should have been,

a participant in or beneficiary of Cunningham's plans within the contemplation of § 502(a). Nor does he dispute that Cunningham's plans are governed by ERISA. Thus, the only question is whether Plaintiff's claims fall within the scope of, or relate to, the causes of action described in § 502(a)(1)(B).

Most, but not all, of Plaintiff's claims arise out of alleged misrepresentations made by employees of Cunningham about "benefits that would accrue to Plaintiff by his employment" with Cunningham. (Compl. ¶ 39; see also id. ¶¶ 45, 50, 65 (alleged misrepresentations involved terms of employment and benefits available to Plaintiff).) As noted above, the alleged benefits Plaintiff should have received as part of his employment included his participation in Cunningham's ERISA plans. Because the alleged misrepresentations concerned the scope of the ERISA plans (i.e., whether the plans covered Plaintiff) and the benefits he would receive under the plans, his claims founded on these misrepresentations are preempted. Tovey v. Prudential Ins. Co. of Am., 42 F. Supp.2d 919, 925-26 & n.3 (W.D. Mo. 1999). ERISA preemption sweeps broadly, and it undoubtedly covers at least some of Plaintiff's claims.[1] Thus, removal was proper, and Plaintiff's motion to remand is denied.

**B. Motion to Dismiss Count VIII**

In his Amended Notice of Motion dated October 19, 2001, Plaintiff added a request

---

[1] Because the Court concludes that some of Plaintiff's claims are preempted by ERISA, the Court need not reach Defendant's alternative argument that the Court has diversity jurisdiction over this matter.

that the Court dismiss Count VIII of the Complaint pursuant to Fed. R. Civ. P. 41(a)(2). Plaintiff did not file a formal Motion, nor did he file a memorandum in support of his request. Rather, he filed an affidavit of counsel that contains case citations and legal argument and is, in essence, a memorandum. It is not clear why this memorandum is couched in the form of an affidavit. In any event, this Motion has not been docketed in the Clerk's Office.

Plaintiff apparently believes that the only Count of the Complaint over which there is federal question jurisdiction (through ERISA) is Count VIII. This Count raises a claim for breach of fiduciary duty. However, as discussed above, many of the claims in the Complaint are preempted by ERISA. The dismissal of Count VIII will not change this conclusion. In addition, removal jurisdiction is founded on the Complaint as filed, and the Court is reluctant to allow Plaintiff to amend his Complaint for the sole purpose of defeating that jurisdiction. The Court therefore denies Plaintiff's Motion to Dismiss Count VIII. In the future, if Plaintiff wishes to dismiss a Count of his Complaint, he should do so by a motion accompanied by a memorandum. An affidavit of counsel is not a substitute for legal argument.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein,

the Court concludes that at least some of Plaintiff's claims are preempted by ERISA.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Remand (Clerk Doc. No. 9) is **DENIED**; and

2. Plaintiff's Motion to Dismiss Count VIII is **DENIED without prejudice**.

Dated: November 29, 2001

Paul A. Magnuson
United States District Court Judge